IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SASHA HASSELL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:13-cv-746-O |
| § | |
| AXIUM HEALTHCARE § | |
| PHARMACY, INC. et al., § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION & ORDER**

Before the Court are Defendant Axium Healthcare Pharmacy, Inc.'s ("Axium") Rule 12(b)(1) & 12(b)(6) Motion to Dismiss (ECF No. 15), filed March 3, 2014; Plaintiff's Response (ECF No. 16), filed March 24, 2014; Axium's Reply (ECF No. 20), filed April 7, 2014; Axium's Brief in Response to the Court's April 23, 2014 Order (ECF No. 25), filed April 28, 2014; and Plaintiff's Amended Response to Axium's Motion to Dismiss Converted to a Motion for Summary Judgment (ECF Nos. 26 & 27), filed April 28, 2014.[1] Having reviewed the motion, the related briefing, and the applicable law, the Court finds that Defendant's motion for summary judgment should be and is hereby **GRANTED in part** and **DENIED in part**.

**I.   BACKGROUND**

In March 2012, Plaintiff Sasha Hassell ("Plaintiff") was hired by Axium as a physician account representative. *See* Hassell Aff. 2, ECF No. 26. Approximately eight months later, Axium

---

[1] The Court converted Axium's motion to dismiss to a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure. *See* Order, Apr. 23, 2014, ECF No. 22. The motion to dismiss (ECF No. 15) will hereinafter be referred to as the motion for summary judgment or motion.

hired Defendant Will Johnson ("Johnson") as a National Sales Director. *Id*. Plaintiff and Johnson had previously worked together at another pharmaceutical company, Caremark. *Id.* at 3. Johnson told Plaintiff to not tell anyone he took a job at Axium because he signed a non-compete agreement with Caremark. *Id.* Plaintiff states this conversation with Johnson made her feel threatened. *Id.*

Johnson's efforts to "coerce and intimidate [Plaintiff] into not revealing his former employment with Caremark . . . began a course of humiliating, intimidating, and sexually offensive behavior" by Johnson directed toward Plaintiff and others. *Id.* This behavior included "off-color sexual comments and innuendo, suggestive sexual behavior and postures, public humiliation and threats." *Id.* This course of conduct continued for six weeks until Plaintiff was terminated. *See id.* Plaintiff contends the reasons offered for her termination were pretextual "to cover up the fact that Defendant Johnson was in violation of his non-compete agreement with Caremark and engaged in sexual harassment." *Id.*

Plaintiff presented several instances of sexual harassment committed by Johnson and Defendant John Benfatti ("Benfatti").[2] Johnson arranged a party for Axium employees at a belly dancing club and, at this party, he and Benfatti made "gender specific comments and off-color sexually charged comments" to Plaintiff and other female employees. *Id.* at 4. Johnson forced another female employee to dance provocatively, telling her to "shake her body and 'move it like you own it.'" *Id.* Johnson also told Plaintiff to table dance and rubbed his groin area on Plaintiff's and other female employee's backsides in a sensual manner. *Id.* At a sales meeting the next day, Johnson stated, "Oh yeah, [Plaintiff] was table dancing last night!" *Id.* Plaintiff contends this statement was a "defamatory slur" against her "character, reputation, and standing in the community." *Id.*

---

[2] The Court will only set forth those instances relevant to the disposition of the present motion.

In December 2012, Plaintiff had to pick up Benfatti at the airport and drop him off at his hotel. *Id.* at 5. As she dropped Benfatti off, "he rubbed her upper thigh and asked her to come up to his hotel room with him." *Id.* Plaintiff states she told Benfatti she was married and not interested in him. *Id.* Shortly thereafter, Plaintiff was terminated from her employment at Axium. *Id.* Johnson told Plaintiff "she had demonstrated unacceptable behavior, had broken rules and was insubordinate" and offered several non-discriminatory reasons for her termination. *Id.*

On August 9, 2013, Plaintiff filed her Original Petition in state court in Tarrant County, Texas. *See generally* Notice Removal, ECF No. 1. Plaintiff asserts the following causes of action against Defendants Axium, Johnson, and Benfatti: (1) sexual harassment, (2) wrongful termination, (3) defamation of character, and (4) assault. Axium removed the action to this court on September 12, 2013. *See id.* At the time of removal, Johnson and Benfatti had not been served. *See id.* at 2.

On January 21, 2014, the Court ordered Plaintiff to show good cause for her failure to serve Johnson and Benfatti within 120 days pursuant to Rule 4(m) of the Federal Rules of Civil Procedure or to serve Johnson and Benfatti by January 27, 2014. *See* Order, Jan. 21, 2014, ECF No. 6. Otherwise, the Court would dismiss Johnson and Benfatti as defendants. *Id.* at 2. Thereafter, Plaintiff sought a 120-day extension of the time to serve Johnson and Benfatti. *See* Pl.'s Resp. 2-3, ECF No. 7. The Court allowed Plaintiff an additional thirty days. *See* Order, Jan. 28, 2014, ECF No. 8.

On the thirtieth day, Plaintiff filed an affidavit of service in which Plaintiff's attorney attested that he mailed, the same day, two copies of Plaintiff's original petition and the summons to the Texas Secretary of State to be delivered to Johnson and Benfatti pursuant to Rule 4 and the Texas long-arm statute. Ultimately, service was executed on Johnson but not Benfatti. *See* Certificates Service, ECF Nos. 18 & 19.

On March 3, 2014, Axium filed its motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6). After the Court converted the motion to a motion for summary judgment, the Court gave the parties the opportunity to file any relevant evidence. *See* Order, Apr. 23, 2014, ECF No. 22. Both Axium and Plaintiff filed additional evidence for the Court's consideration (ECF Nos. 25 & 27).

Additionally, Plaintiff notified the Court that Johnson petitioned for relief under Chapter 13 of the United States Bankruptcy Code. *See generally* Suggestion Bankr., ECF No. 23. Thus, the Court stayed this case as to Johnson, but noted that the case may proceed as to the remaining defendants. *See* Order, Apr. 25, 2014, ECF No. 24. Accordingly, the Court will now address Axium's motion for summary judgment and Plaintiff's failure to serve Benfatti.

## II.   AXIUM'S MOTION FOR SUMMARY JUDGMENT

Before addressing the merits of Axium's motion, the Court sets forth a summary of the relevant legal standard.

### A.   Legal Standard

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention

4

to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323–24. To carry this burden, the "opponent must do more than simply show . . . some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249. Neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

When weighing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and draw all reasonable inferences in favor of the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250.

**B. Analysis**

In its motion for summary judgment, Axium contends: (1) Plaintiff failed to exhaust her administrative remedies for her sexual harassment claims; (2) Texas law does not recognize a cause of action for wrongful termination based on an employee's actual or potential disclosure of a co-worker's breach of an employment agreement; and (3) Plaintiff's assault and defamation claims are

5

preempted by the Texas Commission on Human Rights Act ("TCHRA")[3]. *See generally* Def.'s Mot. Dismiss, ECF No. 15. The Court discusses each argument in turn.

        1.      <u>Sexual Harassment</u>

Texas does not recognize a common-law cause of action for sexual harassment. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 803-04 (Tex. 2010). Accordingly, the Court construes Plaintiff's claim as being brought under Title VII of the Civil Rights Act of 1964 ("Title VII") and the TCHRA. *See id.*

        *a.*      *Title VII*

A plaintiff bringing an action under Title VII must exhaust administrative remedies with the Equal Employment Opportunity Commission ("EEOC") *before* filing suit. *E.g.*, *Agoh v. Hyatt Corp.*, ___F. Supp. 2d___, 2014 WL 129798, at *3 (S.D. Tex. 2014) (citing 42 U.S.C. § 2000e–5(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002); *Huckaby v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998)). This requires the plaintiff to timely file a charge with the EEOC and receive notice of right to sue. *Subbiah v. Kiel*, 850 F. Supp. 2d 653, 658 (N.D. Tex. 2011) (Boyle, J.) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002)).

Here, the parties dispute whether Plaintiff exhausted her administrative remedies. Accordingly, a summary of the parties' summary judgment evidence follows.

On October 31, 2013, Axium's counsel sent a Freedom of Information Act ("FOIA") request to the Dallas District Office of the EEOC requesting all materials in the EEOC's possession related

---

[3] "Courts have referred to Chapter 21 of the Labor Code as the Texas Commission on Human Rights Act (TCHRA or CHRA); however, the Commission on Human Rights has been replaced with the Texas Workforce Commission civil rights division." *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 798 n.1 (Tex. 2010) (citing Tex. Lab. Code § 21.0015).

to Plaintiff. *See* (Lombardino Decl.), ¶ 3, ECF No. 25-1; *id.* (FOIA Request), ECF No. 25-2; *id.* (Fax Receipt), ECF No. 25-2. Thereafter, Axium's counsel received a letter from the EEOC stating that no such records exist. *See id.* (EEOC Letter), ECF No. 25-3.

In response, Plaintiff submitted her affidavit, a completed intake questionnaire, and a letter from the EEOC Dallas Division.[4] Plaintiff completed and signed an intake questionnaire on December 12, 2012, which she faxed to the EEOC. *See* Hassell Aff. 2, ECF No. 26; *id.* Ex. B (Questionnaire), ECF No. 26-1. In the questionnaire, Plaintiff indicated that she was sexually harassed and bullied by Johnson while working at Axium and that she wanted to file a charge of discrimination with the EEOC. *See generally id.* Ex. B (Questionnaire), ECF No. 26-1. Over two months later, Plaintiff received a letter from the EEOC, which referred to an inquiry received on December 18, 2012. *See* Hassell Aff. 2, ECF No. 26; *id.* Ex. C (Letter), ECF No. 26-2. The EEOC representative informed Plaintiff that her inquiry did not suggest that she was stating a claim under a law enforced by the EEOC and, therefore, the EEOC had "no jurisdiction or authority to process a complaint on [her] behalf." *See* Ex. C (Letter), ECF No. 26-2.

An intake questionnaire does not necessarily constitute a "charge" for Title VII exhaustion. A charge must be "in writing under oath or affirmation" and "contain such information and be in such form as the Commission requires." 42 U.S.C. § 2000e-5(b). "[N]otice to the employer and EEOC administrative action are required *before* an intake questionnaire will suffice as a formal charge." *Matthews v. Int'l House of Pancakes, Inc.*, 597 F. Supp. 2d 663, 673 (E.D. La. 2009) (citing

---

[4] Plaintiff also filed two exhibits related to her appeal of the Texas Workforce Commission's decision to deny unemployment benefits, which the Court will not consider as they are not relevant to Title VII or TCHRA exhaustion. To the extent the Court relies on any evidence to which Axium summarily objected, the Court overrules Axium's objection. *See* Def.'s Resp. Ex. 4 (Objections), 2, ECF No. 25-5.

*Harris v. David McDavid Honda*, 213 Fed. App'x 258, 262 (5th Cir. 2006); *Evenson v. Sprint/United Mgmt. Co.*, No. 3:08–CV–0759–D, 2008 WL 4107524, at *4 (N.D. Tex. Aug. 21, 2008) (Fitzwater, C.J.)).

Defendant has presented summary judgment evidence to show the EEOC has no record of a charge filed by Plaintiff or any other documents relating to Plaintiff. *See* (Lombardino Decl.), ¶ 3, ECF No. 25-1; *id.* (FOIA Request), ECF No. 25-2; *id.* (EEOC Letter), ECF No. 25-3. In response, Plaintiff has submitted an unsworn intake questionnaire that she attests was faxed to the EEOC. Thus, drawing all reasonable inferences in favor of Plaintiff and declining to make a credibility determination, the Court finds Plaintiff has arguably raised a genuine issue of fact as to whether she filed her intake questionnaire with the EEOC. Importantly, however, Plaintiff has not raised a genuine issue of *material* fact as to whether the intake questionnaire constituted a charge for purposes of Title VII exhaustion.

Although unverified, Plaintiff's intake questionnaire may still constitute a charge provided it complies with 29 CFR § 1601.12(b) and she later cures this deficiency. *See* Hassell Aff. Ex. B (Questionnaire), 6 n.3, ECF No. 26-1; 29 CFR § 1601.12(b) ("[A] charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein."). Plaintiff, however, does not attest and has provided no evidence that she later verified the questionnaire. The Court also notes that Plaintiff was represented by counsel when she prepared the intake questionnaire. *See* Hassell Aff. Ex. B (Questionnaire), 6, ECF No. 26-1; *Williams v. Cardinal Health 200, LLC*, 948 F. Supp. 2d 652, 659 (E.D. La. 2013)

(stating that attorney who prepared intake questionnaire "arguably should not be afforded the same leniency as a pro se plaintiff"); *cf. Price v. Sw. Bell Tel. Co.*, 687 F.2d 74, 78-79 (5th Cir. 1982) (holding fact issue existed precluded summary judgment as to whether unverified form filed by pro se plaintiff constituted charge because it "set the administrative machinery in motion").

Further, the letter received by Plaintiff evidences that the EEOC did not consider Plaintiff's filing to constitute a charge and that the administrative process was never commenced. *See* Ex. C (Letter), ECF No. 26-2 (referring to "inquiry" and stating EEOC has no "jurisdiction or authority to process a complaint on [Plaintiff's] behalf"); *see also Williams, LLC*, 948 F. Supp. 2d at 659 (explaining that letter from EEOC, in response to Plaintiff's unverified intake questionnaire, informed Plaintiff that charge process had not commenced); *Matthews*, 597 F. Supp. 2d at 673 (holding that, although it was verified, questionnaire failed to constitute a charge because there was no evidence defendant received notice or that the EEOC initiated administrative proceedings); *In re Coho Energy, Inc.*, 266 B.R. 629, 636 (Bankr. N.D. Tex. 2001) (finding unverified intake questionnaire prepared by attorney did not constitute charge because plaintiff presented no evidence that the EEOC treated it as a charge or notified employer).

Accordingly, having considered the entire summary judgment record and drawing all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff has failed to raise a genuine issue of material fact as to whether she filed a charge with the EEOC. Notably, the time for Plaintiff to file her charge has lapsed, and Plaintiff has provided no grounds for equitable tolling. *See* Hassell Aff. 5, ECF No. 26 (attesting Plaintiff was fired on December 11, 2012); *Sanders v. Christus Santa Rosa PASC*, ___F. Supp. 2d___, 2014 WL 201071, at *3 (W.D. Tex. 2014) ("Pursuant to 42 U.S.C. § 2000e–5(e)(1), a plaintiff may bring a claim for discrimination under Title VII if she has filed a

charge of discrimination within 300 days, if the plaintiff first filed her charge with a state or local agency." (citing *Ikossi–Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 549 (5th Cir. 2009)); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (stating equitable tolling should be applied sparingly (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)). Thus, the Court concludes that Axium is entitled to summary judgment on Plaintiff's Title VII claim.

### b. TCHRA

The exhaustion of state remedies is a jurisdictional prerequisite to TCHRA suits. *See, e.g.*, *Howe v. Yellowbook, USA*, 840 F. Supp. 2d 970, 977 (N.D. Tex. 2011) (Lynn, J.) (citing *Jones v. Grinnell Corp.*, 235 F.3d 972, 974 (5th Cir. 2001). Thus, if the Court finds that Plaintiff failed to exhaust her remedies under the TCHRA, it must dismiss the claim for lack of jurisdiction. To satisfy TCHRA exhaustion, the plaintiff must: (1) file a complaint with the TWC or EEOC within 180 days of the alleged discriminatory act; (2) allow the TWC 180 days to dismiss or resolve the complaint before filing suit; and (3) file suit no later than two years after filing the complaint. *See, e.g.*, *Marquis v. Omniguide, Inc.*, 714 F. Supp. 2d 640, 644 (N.D. Tex. 2010) (Fitzwater, C.J.) (citing *Wiltshire v. Humpal Physical Therapy, P.C.*, 2005 WL 2091092, at *2 (Tex. App.—Corpus Christi Aug. 31, 2005, no pet.); *City of Hous. v. Fletcher*, 63 S.W.3d 920, 922 (Tex. App.—Houston [14th Dist.] 2002, no pet.)).

The EEOC and TWC have a worksharing agreement such that any complaint filed with the EEOC also initiates proceedings with the TWC. *See Marquis v. Omniguide, Inc.*, 714 F. Supp. 2d 640, 644 (N.D. Tex. 2010) (Fitzwater, C.J.) (citing *Price v. Phila. Am. Life Ins. Co.*, 934 S.W.2d 771, 773-74 (Tex. App.—Houston [14th Dist.] 1996, no writ)); *see also* Def.'s Resp. Ex. 3

(Worksharing Agreement), ECF No. 25-4. Plaintiff does not contend that she filed a complaint with the TWC. Thus, any complaint submitted to the TWC must have been forward from the EEOC. As noted above, however, the Court finds that Plaintiff did not file a charge with the EEOC.

Additionally, the TCHRA requires the complaint to be sworn. Tex. Lab. Code Ann. § 21.201(b) ("The complaint must be in writing and made under oath."); *see also Tex. Dep't of Pub. Safety v. Alexander*, 300 S.W.3d 62, 70 (Tex. App.—Austin 2009, pet. denied) ("In order to bring a claim of employment discrimination under the TCHRA, plaintiffs must file a *sworn*, written complaint with [TWC] within 180 days of the alleged discriminatory act." (emphasis added) (citing Tex. Lab. Code Ann. § 21.201–.202)). Here, the intake questionnaire submitted by Plaintiff was not made under oath. *See* Ex. B (Questionnaire), ECF No. 26-1. Thus, even if the questionnaire was forwarded to the TWC, it could not constitute a complaint for TCHRA exhaustion purposes. For these reasons, the Court must dismiss Plaintiff's TCHRA claim for lack of jurisdiction.

### 2. Wrongful Termination

Plaintiff contends Axium wrongfully terminated her to "cover-up the fact that Defendant Johnson was employed by Defendant Axium in violation of a non-compete agreement" and "as a result of the wrongful sexual behavior and sexual harassment . . . ." *See* Hassell Aff. 5, ECF No. 26. Thus, it appears Plaintiff contends she was wrongfully terminated for two reasons: (1) her knowledge of Johnson's alleged breach of his non-compete agreement and (2) the purported sexual harassment.

In her response to Axium's motion, Plaintiff seems to abandon any claim for wrongful termination rooted in Johnson's non-compete agreement.[5] Alternatively, the Court notes that Texas

---

[5] *See* Pl.'s Resp. Mot. Dismiss ¶ 3 ("[T]he motion to dismiss should be denied because the defendant mischaracterizes plaintiff's claim for sexual harassment. The defendant characterizes the claim as a claim for 'wrongful termination based on an employee's actual or potential disclosure of a co-worker's alleged

11

law does not recognize such a cause of action. *See, e.g.*, *Simmons Airlines v. Lagrotte*, 50 S.W.3d 748, 751-52 (Tex. App.—Dallas 2001, pet. denied) (discussing "long standing rule in Texas . . . that employment for an indefinite term may be terminated at will and without cause" with limited exceptions). Additionally, to the extent Plaintiff's claim is rooted in the alleged sexual harassment, it fails for failure to exhaust, as discussed more fully above.

       3.     Assault

Plaintiff contends Johnson and Benfatti physically assaulted her. *See* Notice Removal Ex. C-1 (Original Pet.), ¶ 26, ECF No. 1-5. Axium argues that any claim against it for assault is preempted by the TCHRA. *See* Br. Supp. Mot. Dismiss 10-11, ECF No. 15-1. Having reviewed Plaintiff's Original Petition, the Court finds that Plaintiff does not assert a claim for assault against Axium.[6] For this reason, the Court need not address this ground.

       4.     Defamation

Plaintiff alleges "Defendants, jointly and severally, have put her in a bad or false light has [sic] defamed her character, standing and reputation." *See* Notice Removal Ex. C-1 (Original Pet.), ¶ 25, ECF No. 1-5. Specifically, at a sales meeting, Johnson stated, "Oh yeah, [Plaintiff] was table dancing last night!"[7] *See* Hassell Aff. 4, ECF No. 26. Plaintiff contends this statement was a

---

breach of a private employment contract.' . . . The defendant mischaracterizes plaintiff's claims which are basic, traditional sexual harassment claims . . . .").

[6] *See* Notice Removal Ex. C-1 (Original Pet.), ¶ 26, ECF No. 1-5 ("Ms. Hassell incorporates the above allegations and asserts that Defendants Johnson and Benfatti both physically assaulted her. Defendant Johnson rubbed his groin forcefully against Ms. Hassell at a company sponsored event. Defendant Benfatti rubbed Ms. Hassell's upper thigh while inviting her to come up to his hotel room during a company sponsored event. Both of these physical assaults were wrongful and unwelcome, resulting in damages for which she now sues.").

[7] Reading Plaintiff's petition and affidavit liberally, the Court finds no other factual allegations to support a defamation claim.

12

"defamatory slur" against her "character, reputation, and standing in the community." *Id.*

Axium argues this claim is preempted by the TCHRA relying on *Waffle House, Inc. v. Williams*, 313 S.W.3d 796 (Tex. 2010). *See* Br. Supp. Mot. Dismiss 11-12, ECF No. 15-1. Plaintiff did not respond to this argument.

In *Waffle House*, the Texas Supreme Court held that an employee's common-law negligent supervision and retention claim against her employer—that arose out of her co-worker's sexual harassment—was preempted by the TCHRA. 313 S.W.3d at 813. The supreme court opined that the complained-of negligence was entwined and inseparable from the alleged harassment. *Id.* at 799 ("We do not believe the Legislature's comprehensive remedial scheme allows aggrieved employees to proceed on dual tracks—one statutory and one common-law, with inconsistent procedures, standards, elements, defenses, and remedies."). The Court must now determine whether the holding of *Waffle House* should be extended to the facts at hand.

Here, Plaintiff's sexual harassment claims arise from "a course of humiliating, intimidating, and sexually offensive behavior" that included "off-color sexual comments and innuendo, suggestive sexual behavior and postures, public humiliation and threats." *See* Hassell Aff. 3, ECF No. 26. Similarly, Johnson's statement was sexual in nature and made Plaintiff feel that she was "portrayed as nothing but an immoral, sexually promiscuous person." *Id.* at 4. Thus, as in *Waffle House*, Plaintiff's defamation and sexual harassment claims "stem from the same boorish and objectionable conduct." *Waffle House, Inc.*, 313 S.W.3d at 799. In other words, the facts that give rise to both the sexual harassment and defamation claims are entwined and inseparable.

Additionally, the Court notes that Plaintiff should not be allowed to use the common law to avoid the statutory exhaustion requirements. To allow Plaintiff to bring a defamation claim against

13

Axium for conduct she failed to exhaust would undermine the purpose of the TCHRA. *See Waffle House, Inc.*, 313 S.W.3d at 805 ("This meticulous legislative design is circumvented when a plaintiff brings a common-law cause of action for conduct that is actionable under the TCHRA."). Therefore, for these reasons, the Court finds that the holding of *Waffle House* is applicable and Plaintiff's claim for defamation against Axium is preempted by the TCHRA.

### III. FAILURE TO SERVE BENFATTI

"If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

On January 21, 2014, the Court ordered Plaintiff to show good cause for her failure to serve Benfatti within 120 days pursuant to Rule 4(m) of the Federal Rules of Civil Procedure or to serve Benfatti by January 27, 2014. *See* Order, Jan. 21, 2014, ECF No. 6. Otherwise, the Court would dismiss Benfatti as a defendant. *Id.* at 2. Thereafter, the Court granted a 30-day extension. *See* Pl.'s Resp. 2-3, ECF No. 7; Order, Jan. 28, 2014, ECF No. 8.

More than 200 days have elapsed since Axium removed this action to federal court, and Plaintiff still has not served Benfatti. Thus, in light of the Court's prior notice to Plaintiff and its extension of the time for service, the Court dismisses Benfatti as a defendant pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

### IV. CONCLUSION

For the reasons discussed above, Axium's motion for summary judgment (ECF No. 15) is **GRANTED in part** and **DENIED in part**. The Court **grants** summary judgment for Axium on Plaintiff's Title VII, wrongful termination, and defamation claims. The Court **dismisses** Plaintiff's

14

TCHRA claim for want of jurisdiction. Plaintiff does not assert an assault claim against Axium; therefore, Axium's motion is **denied** on this ground.

Additionally, Benfatti is **dismissed** as a defendant for failure to serve.

The only remaining defendant in this case is Johnson, and the Court has stayed all proceedings against him pursuant to 11 U.S.C. § 362. Accordingly, the Clerk of Court is **directed** to **administratively close** this case. Plaintiff shall notify the Court once the stay has been lifted.

**SO ORDERED** on this the **2nd day** of **May, 2014.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**